No. _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

DOMINIC DEAN ADAMS, Defendant-Movant,

vs.

UNITED STATES OF AMERICA, Plaintiff-Respondent.

---

On Application for Authorization to Proceed Before the
United States District Court for the District of Arizona
D.C. No. 4:07-cr-1663-TUC-CKJ
D.C. No. 4:08-cr-340-TUC-RCC

---

**APPLICATION FOR AUTHORIZATION TO FILE
A SECOND OR SUCCESSIVE MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255**

---

JON M. SANDS
Federal Public Defender

KEITH J. HILZENDEGER
Research & Writing Specialist
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
(602) 382-2700   voice
(602) 382-2800   facsimile
keith_hilzendeger@fd.org
*Attorneys for Movant Adams*

Dominic Dean Adams is a federal prisoner sentenced to 43 years in prison stemming from a homicide he committed when he was 15 years old. Under the Supreme Court's decision in *Miller v. Alabama*,[1] this sentence is unconstitutional because the sentencing judge lacked the discretion to impose a sentence that carried a meaningful possibility of release within Mr. Adams's expected lifetime. Because Mr. Adams has previously sought postconviction relief from his conviction and sentence, he now seeks authorization from this Court to litigate his *Miller* claim before the district court.[2]

## TECHNICAL INFORMATION

1. Mr. Adams is challenging only the sentence imposed in the following cases:

    No. 4:07-cr-1663-TUC-CKJ (D. Ariz.)
    No. 4:08-cr-340-TUC-RCC (D. Ariz.)

2. Mr. Adams was convicted in the United States District Court for the District of Arizona.

3. Former Chief Judge John M. Roll imposed the sentence in these cases on June 4, 2009.

4. Mr. Adams has previously filed for relief under 28 U.S.C. § 2255.

---

[1] 132 S. Ct. 2455 (2012).
[2] *See* 28 U.S.C. § 2255(h).

1

    a. Mr. Adams filed the motion in the United States District Court for the District of Arizona

    b. The motion was docketed as Nos. 4:10-cv-458-TUC-AWT and 4:10-cv-473-TUC-AWT.

    c. The district court determined that these motions were deemed filed on July 8, 2010.[3]

5. The district court parsed Mr. Adams's *pro se* motion to contain four claims of ineffective assistance of counsel: (1) counsel rendered ineffective assistance in recommending that Mr. Adams enter into a plea agreement with the government;[4] (2) counsel incorrectly told Mr. Adams that the sentence he faced was between 20 and 28 years in prison;[5] (3) counsel allegedly failed to request transfer and competency hearings;[6] and (4) counsel ineffectively advised Mr. Adams to plead guilty to assaulting a federal officer because the victims of those counts were not "federal officers" under 18 U.S.C. § 1114.[7]

---

[3] *See* Order Denying § 2255 Motions at 5, *United States v. Adams*, No. 4:10-cv-458-TUC-AWT (D. Ariz. filed Jan. 7, 2013) (citing *Campbell v. Henry*, 614 F.3d 1056, 1058–59 (9th Cir. 2010)).
[4] *Id.* at 8.
[5] *Id.* at 9–10.
[6] *Id.* at 10.
[7] *Id.* at 11.

6. The district court denied the petition without a hearing under 28 U.S.C. § 2255(b).

7. The district court found that the petition was timely filed after granting Mr. Adams sufficient equitable tolling,[8] declined to enforce the collateral-attack waiver in the plea agreement to bar Mr. Adams's ineffective-assistance claims,[9] and denied all four claims on the merits.[10] The district court also denied Mr. Adams a certificate of appealability.[11]

8. The district court entered judgment against Mr. Adams in his § 2255 case on January 7, 2013.

9. Mr. Adams did not appeal the district court's denial of his § 2255 motions.

10. ***Index of Required Attachments.*** Pursuant to 9th Cir. R. 22-3(a) and (b), Mr. Adams is attaching to this request for authorization (1) a copy of the § 2255 motion that he seeks authorization to file and (2) a copy of the district court's order denying his first § 2255 motion.

---

[8] *Id.* at 4–6.
[9] *Id.* at 6–7.
[10] *Id.* at 7–12.
[11] *Id.* at 14.

# GROUNDS FOR AUTHORIZATION

Under the Supreme Court's decision in *Miller v. Alabama*,[12] the Eighth Amendment requires a trial judge sentencing a juvenile homicide offender to have the discretion to impose a sentence that carries a meaningful possibility of release within the juvenile's expected lifetime.[13] *Miller* is a newly decided, retroactively applicable rule of law that did not exist in 2009 when Mr. Adams was sentenced. Because Mr. Adams should have an opportunity to be sentenced by a district judge whose discretion is unfettered in the way *Miller* requires, he now asks this Court to authorize him to file a second or successive § 2255 motion in order to obtain a new sentencing hearing.

1. ***Miller* has been "made retroactive to cases on collateral review by the Supreme Court," and thus Mr. Adams can make a prima facie case for authorization to proceed in district court.**

Before Mr. Adams may proceed in district court, this Court must certify that his proposed second or successive § 2255 motion contains "a new rule of constitutional law, made retroactive to cases on collateral review, that was previously unavailable."[14] This Court need only determine that Mr. Adams has made a prima facie showing that he is relying on a retroactively applicable new rule

---

[12] 132 S. Ct. 2455 (2012).
[13] *See id.* at 2469.
[14] 28 U.S.C. § 2255(h)(2).

4

of law.[15] Because *Miller* has been made retroactive to cases on collateral review, this Court should authorize Mr. Adams to proceed in district court on the attached proposed § 2255 motion.

The Supreme Court can make a new rule of constitutional law apply retroactively to cases on collateral review in either of two ways. First, the Court can expressly hold that the new rule applies retroactively.[16] Second, the Court can declare that certain types of rules apply retroactively, and then later articulate a holding that is of the proper type.[17] *Miller* has been made retroactive in the second way.

The Supreme Court has held that Eighth Amendment-based categorical exclusions from certain types of punishment apply retroactively to cases on collateral review.[18] In *Miller* the Supreme Court then said that it was articulating a categorical exclusion for juvenile homicide offenders from the punishment of life in prison without the possibility of parole.[19] Thus *Miller* has been made retroactive to

---

[15] *See United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009).
[16] *See Tyler v. Cain*, 533 U.S. 656, 663 (2001).
[17] *See id.* at 666, 668–69 (O'Connor, J., concurring).
[18] *See Penry v. Lynaugh*, 492 U.S. 302, 329–30 (1989) (citing *Teague v. Lane*, 489 U.S. 288 (1989)), *overruled on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002).
[19] *See* 132 S. Ct. at 2469; *see also Graham v. Florida*, 130 S. Ct. 2011, 2022–23 (2010) (characterizing the holding as a "categorical challenge to a term-of-years sentence").

5

cases on collateral review, and this Court may authorize Mr. Adams to proceed in district court on his *Miller* claim.[20]

**2.    The term-of-years sentence imposed here is the functional equivalent of a life sentence because it exceed Mr. Adams's projected life expectancy.**

The holding in *Miller* does not apply solely to sentences denominated "life without parole." Rather, it applies to any sentence that forecloses a "meaningful possibility to obtain release based on demonstrated maturity and rehabilitation."[21] This Court should recognize, as the California Supreme Court has recognized, that lengthy sentences that exceed a person's life expectancy are the functional equivalent of a sentence formally denominated "life without parole."[22] Here, Mr. Adams's 43-year sentence is the functional equivalent of a sentence of life without parole. In order to "reflect life expectancy of federal criminal defendants more precisely…, life sentences and all sentences above 470 months are now capped at 470 months" by the U.S. Sentencing Commission.[23] Mr. Adams's 516-month (43-year) sentence exceeds this projected life expectancy. It is therefore the functional

---

[20] *See Tyler*, 533 U.S. at 666; *accord In re Sparks*, 657 F.3d 258, 262 (5th Cir. 2011) (*Graham* claim qualifies for authorization).
[21] *Graham*, 130 S. Ct. at 2030 (cited in *Miller*, 132 S. Ct. at 2469).
[22] *See People v. Caballero*, 282 P.3d 291, 295 (Cal. 2012).
[23] *See* U.S. Sentencing Commission, *2011 Sourcebook of Federal Sentencing Statistics*, Appendix A, at 2.

equivalent of a sentence of life without parole, and was imposed in violation of *Miller*.

## CONCLUSION

For the foregoing reasons, Mr. Adams's sentence violates the Eighth Amendment as explained in *Miller*. This Court should therefore authorize him to proceed in the district court on the attached § 2255 motion in an effort to obtain a new sentencing hearing.

Respectfully submitted:				June 19, 2013.

JON M. SANDS
Federal Public Defender

 *s/Keith J. Hilzendeger*
KEITH J. HILZENDEGER
Research & Writing Specialist
*Attorney for Movant Adams*

# CERTIFICATE OF SERVICE

      I certify that on June 19, 2013, I caused the foregoing motion to be electronically filed with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate CM/ECF system. I further certify that not all participants in this case are registered CM/ECF users linked to this case. Therefore, I have served the following other participants by first-class mail, postage prepaid:

Sandra Marie Hansen
Assistant United States Attorney
405 West Congress Street, Suite 4800
Tucson, Arizona 85701

  *s/Keith J. Hilzendeger*
KEITH J. HILZENDEGER
Research & Writing Specialist
*Attorney for Movant Adams*