JON M. SANDS
Federal Public Defender
KEITH J. HILZENDEGER (Ariz. Bar No. 023685)
Research & Writing Specialist
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
(602) 382-2700   voice
(602) 382-2800   facsimile
keith_hilzendeger@fd.org
*Attorneys for Petitioner Adams*

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOMINIC DEAN ADAMS,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | No. 13-72158<br><br>**Reply in Support of Request to File a Second or Successive § 2255 Motion** |

　　　　The government's response to Mr. Adams's request for authorization to file a second or successive § 2255 motion is entirely premature. The government has addressed the merits of Mr. Adams's claim based on *Miller v. Alabama*,[1] but the merits of that claim are not now before this Court. At this stage of the proceedings, all that this Court is called on to decide is whether Mr. Adams's proposed § 2255 motion has sufficient "possible merit to warrant a fuller exploration by the district

---

[1] 132 S. Ct. 2455 (2012).

court."[2] Nothing in the government's response addresses the threshold showing that Mr. Adams must make.

Mr. Adams's request relies on the retroactivity of *Miller*,[3] which is a statutory basis for authorization.[4] Nothing in the government's response addresses retroactivity. Yet in other cases the government has expressly conceded that *Miller* has been made retroactive to cases final on direct review.[5] And as Mr. Adams has pointed out, the Fourth Circuit has granted authorization to proceed in district court on a *Miller*-based claim similar to Mr. Adams's.[6]

Instead of discussing the retroactivity of *Miller*, the government discusses the merits of Mr. Adams's *Miller*-based claim. But the merits of that claim simply are not before this Court at this time.[7] The governing statute, 28 U.S.C. § 2244(b),[8]

---

[2] *Woratzek v. Stewart*, 118 F.3d 648, 650 (9th Cir. 1998) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).
[3] Dkt. #1 at 5–6.
[4] *See* 28 U.S.C. § 2255(h)(2).
[5] *See, e.g.*, Government's Response to Petitioner's Application for Authorization to File a Second or Successive Motion under 28 U.S.C. § 2255, at 7, *Briones v. United States*, No. 13-71056 (9th Cir. filed Jul. 3, 2013) (Dkt. #11).
[6] *See* Dkt. #2.
[7] *See, e.g.*, *Nevius v. Sumner*, 105 F.3d 453, 462 (9th Cir. 1996) ("Without intimating any view concerning the merits of Nevius' *Cage* claim, or any view regarding whether he has in fact met the requirements of 28 U.S.C. § 2244(b), we conclude that he has made 'a prima facie showing that the application satisfies the requirements of this subsection.'") (quoting 28 U.S.C. § 2244(b)(3)(C)).
[8] *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244….").

focuses the court's attention on a single question—"whether the motion makes a *prima facie* showing that any of the claims in the petition satisfy AEDPA's substantive successive petition standards, thereby evidently rendering irrelevant other possible grounds for dismissal such as *ultimate lack of merit*, nonexhaustion, procedural default, and the like."[9] "The movant must get through two gates before the merits of the [§ 2255] motion can be considered."[10] By failing to discuss retroactivity, the only criterion for authorization on which Mr. Adams is relying, the government has failed to address the only question that is before this Court.

In short, the government has failed to address the substance of Mr. Adams's request for authorization. In the absence of a proper response to the request for authorization, this Court should grant it.

Respectfully submitted:        February 19, 2014.

JON M. SANDS
Federal Public Defender

 s/Keith J. Hilzendeger 
KEITH J. HILZENDEGER
Research & Writing Specialist
*Attorney for Petitioner Adams*

---

[9] 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice & Procedure* § 28.3[d], at 1615 (6th ed. 2011) (emphasis added).
[10] *Bennett*, 119 F.3d at 370.

3

## CERTIFICATE OF SERVICE

I certify that on February 19, 2014, I caused the foregoing document to be filed with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit using the Appellate CM/ECF system. I further certify that all case participants are registered CM/ECF users and that service will be accomplished by the Appellate CM/ECF system.

                                                           *s/Keith J. Hilzendeger*
                                              KEITH J. HILZENDEGER
                                              Research & Writing Specialist
                                              *Attorney for Petitioner Adams*