# FEDERAL PUBLIC DEFENDER, DISTRICT OF ARIZONA

850 West Adams Street, Suite 201
Phoenix, Arizona 85007

**JON M. SANDS**
Federal Public Defender

| | |
|---|---|
| voice | (602) 382-2700 |
| facsimile | (602) 382-2800 |
| toll-free | (800) 758-7053 |

June 18, 2014

Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
PO Box 193939
San Francisco, California 94119

    RE:   *Adams v. United States*, No. 13-72158
           set for oral argument July 7, 2014, in San Francisco

Dear Ms. Dwyer—

    Mr. Adams's request for SOS authorization rests on the idea that *Miller v. Alabama*[1] is a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court" and "was previously unavailable."[2] Mr. Adams contends that *Miller* is a categorical exclusion from punishment,[3] which applies retroactively under the Supreme Court's decision in *Teague v. Lane*.[4] Courts in this circuit have held two other categorical exclusions from punishment retroactive.

    First, in *Pizzuto v. Hardison*,[5] this Court granted authorization for an Idaho death-row prisoner to file a second or successive § 2254 petition based on *Atkins v. Virginia*.[6] *Atkins* articulated a categorical exclusion from punishment,[7] and so the *Pizzuto* court concluded that the statutory authorization criteria were satisfied.

---

[1] 132 S. Ct. 2455 (2012).
[2] 28 U.S.C. § 2255 (h)(2).
[3] Dkt. #1 at 5.
[4] 489 U.S. 288 (1989).
[5] No. 05-77184. (A copy of the order is attached to this letter.)
[6] 536 U.S. 304 (2002).

*Adams v. United States*, No. 13-72158
FRAP 28(j) letter

    Second, in *Laird v. Schriro*,[8] the United States District Court for the District of Arizona granted relief to an Arizona death-row prisoner based on *Roper v. Simmons*.[9] *Simmons*, like *Atkins*, articulated a categorical exclusion from punishment,[10] which the *Laird* court held applied retroactively under an analysis parallel to the framework described in Justice O'Connor's concurring opinion in *Tyler v. Cain*.[11] Mr. Adams contends that *Miller* applies retroactively for similar reasons.[12]

Sincerely,

*s/Keith J. Hilzendeger*

Keith J. Hilzendeger
Assistant Federal Public Defender
*Attorney for Movant Adams*


# CERTIFICATE OF SERVICE

    I certify that on June 18, 2014, I caused the foregoing document to be electronically filed with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit using the Appellate CM/ECF system. I further certify that all case participants are registered ECF users and that service will be accomplished by the Appellate CM/ECF system.

*s/Keith J. Hilzendeger*

Keith J. Hilzendeger
Assistant Federal Public Defender
*Attorney for Movant Adams*

---

[7] *See Moore v. Biter*, 725 F.3d 1184, 1188–89 (9th Cir. 2013).
[8] No. 2:00-cv-2410-PHX-JAT. (A copy of the order is attached to this letter.)
[9] 543 U.S. 551 (2005).
[10] *See Moore*, 725 F.3d at 1188–89.
[11] *Compare* Order, *Laird v. Schriro*, at 3–4, *with* 533 U.S. 656, 668–69 (2001).
[12] Dkt. #1 at 5–6.